UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
JOSEPH MALEWICH and PATRICIA
MALEWICH,

                  Plaintiffs,

      -against-

INDIAN HARBOR INSURANCE CO.,
NEPTUNE FLOOD INC., XL
SPECIALTY INSURANCE
COMPANY, WRIGHT FLOOD, GEICO
INSURANCE AGENCY LLC,
GOVERNMENT EMPLOYEES
INSURANCE CO., PENINSULA
INSURANCE BUREAU, INC. and
PARKER LOSS CONSULTANTS,

                  Defendants.

---------------------------------------------------x

**<u>MEMORANDUM AND ORDER</u>**
Case No. 1:24-CV-7406-FB-VMS

*Appearances:*
*For the Plaintiffs:*
DEAN T. CHO
10217 72nd Avenue
Forest Hills, New York 11375

*For Defendants GEICO Insurance*
*Agency LLC and Government*
*Employees Insurance Co.:*
LAURA J. GINDELE
Rivkin Radler LLP
926 RXR Plaza
Uniondale, New York 11556

*For Defendants Peninsula Insurance*
*Bureau, XL Specialty Insurance*
*and Parker Loss Consultants*
ALEXANDER WALKER COGBILL
Zelle LLP
45 Broadway, Suite 920
New York, New York 10006

*For Defendant Neptune Flood Inc.*
KAREN I. BRAY
Greenberg Traurig LLP
One Vanderbilt Avenue
New York, New York 10017

**BLOCK, Senior District Judge:**

Joseph and Patricia Malewich own property in Long Island City that was damaged during Hurricane Ida. They assert claims for breach of contract against Indian Harbor Insurance Co., Neptune Flood Inc., Wright Flood, and GEICO Insurance Agency LLC (collectively, "Insurer Defendants") and for tortious interference against Peninsula Insurance Bureau Inc., Parker Loss Consultants, XL Specialty Insurance Company, and Government Employees Insurance Co. (collectively, "Administrator Defendants").   Because Wright Flood participates in the National Flood Insurance Program, this Court has jurisdiction pursuant to 42 U.S.C. § 4072. *See Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 187 (2d Cir. 2006).

Neptune Flood Inc., XL Specialty Insurance Company, GEICO Insurance Agency LLC, Government Employees Insurance Co., Peninsula Insurance Bureau, Inc., and Parker Loss Consultants move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied in part and granted in part.

**Breach of Contract**

Two of the four Insurer Defendants—Neptune Flood and GEICO Insurance

2

Agency LLC ("GIA")—argue that the only policies covering the plaintiffs'

property were issued by the other two Insurer Defendants (which have not moved

to dismiss). They describe themselves, respectively, as only an agent and a broker

for policies issued by others.    Under New York law, such intermediaries

"generally owe[] the insured no more than the common-law duty to procure the

insurance coverage that the insured requests." *GlobalNet Financial.Com, Inc. v.

Frank Crystal & Co.*, 449 F.3d 377, 383 (2d Cir. 2006) (citing *Murphy v. Kuhn*, 90

N.Y.2d 266, 269-70 (1997)).

   While Neptune Flood and GIA correctly state the law, they ignore the

allegations that "Plaintiffs purchased, maintained and paid monies to Defendants

Indian Harbor, *Neptune Flood*, Wright Flood and *GIA* for insurance policies that

covered the damages to the Premises," Second Am. Compl. ¶ 30 (emphasis added),

and that "[t]hose Defendants have acknowledged that Plaintiffs' claims fall within

their insurance coverage and are not subject to any exclusion," *id.* ¶ 32.    The

plaintiffs must eventually prove those allegations—and may be subject to sanctions

if they turn out to be frivolous—but at this stage, the Court must accept them as

true. The only question is whether they and the other allegations of the complaint

make out a claim for breach of contract.

   In that regard, "to plead a cause of action for breach of contract, a plaintiff

3

usually must allege that: (1) a contract exists; (2) plaintiff performed in accordance with the contract; (3) defendant breached its contractual obligations; and (4) defendant's breach resulted in damages." *34-06 73, LLC v. Seneca Ins. Co.*, 39 N.Y.3d 44, 52 (2022) (citations omitted). With respect to the first element, "[t]he contract itself need not be attached to the complaint, but the pleading must at least set forth the terms by express reference to satisfy this requirement." *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 533 (E.D.N.Y. 2015).

Here, however, the plaintiffs allege that the policies were "[a]mong the many items destroyed by the flooding." Second Am. Compl. ¶ 12. "[A]n insured may rely on secondary evidence (*i.e.,* evidence other than the policy itself) to prove the existence and terms of an insurance policy only where the insured demonstrates that it has made a diligent but unsuccessful search and inquiry for the missing policy." *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002) (cleaned up). Standard policy language is acceptable as secondary evidence. *See Glew v. Cigna Group Ins.*, 590 F. Supp. 2d 395, 413 (E.D.N.Y. 2008) (citing *Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 975 F.2d 1130, 1132 (5th Cir. 1992)).

Since plaintiff may *prove* the existence and terms of a policy with secondary evidence in certain circumstances, it follows that they may *allege* the existence of

such evidence and the circumstances allowing its use at the pleadings stage. As noted, the plaintiffs allege that the policies at issue were destroyed by flooding, which is certainly grounds for the use of secondary evidence. *See Glew*, 590 F. Supp. 2d at 412 ("[Federal Rule of Evidence 1004] allows admission of secondary evidence offered by a party who destroyed the original as long as the action was not taken in bad faith."). They go on to allege that the Insurer Defendants' failure to pay their claims in full and in a timely manner breached "the provisions denoted Flood Coverage A, Flood Coverage B, Flood Coverage C and Flood Coverage D set for in the standard flood insurance policy form." Second Am. Compl. ¶ 34. In addition, they allege that they "paid all required insurance policy premiums to each of [the Insurer] Defendants," *id.* ¶ 11, suffered "severe structural damages to the Premises . . . and to the fixtures and personal property located therein," *id.* ¶ 12, and "promptly and timely provided actual and constructive notice of such damage to the Insurer Defendants," *id.* ¶ 13.

Those allegations are sufficient to state a claim for breach of contract in the circumstances. Insurance policies almost always use standard language to set out straightforward contractual obligations: the insurer's duty to pay claims in accordance with the coverage clause(s) and the insured's duty to pay premiums and provide timely notice of those claims. While Neptune Flood and GIA

obviously dispute having entered into any such contract with the plaintiffs, that dispute cannot be resolved until there is a motion for summary judgment after full discovery, which will presumably identify the terms of the "standard flood insurance policy form" referenced in the complaint and the basis for plaintiffs' assertion that Neptune Flood and GIA provided them coverage under that or some other policy. Plaintiffs are once again warned to carefully reconsider their claims if discovery does not yield any such evidence.

## Tortious Interference

"It is well established that only a stranger to the contract, such as a third party, can be liable for tortious interference." *Koret, Inc. v. Christian Dior, S.A.*, 554 N.Y.S.2d 867, 869 (1st Dep't 1990). Parent companies are not "third parties" to the contracts of their subsidiaries, *see id.*, unless the parent acts "[with] malice on the one hand, or [through] fraudulent or illegal means on the other." *Foster v. Churchill*, 87 N.Y.2d 744, 750 (1996). Similarly, "[i]t is well settled that an agent cannot be held liable for inducing its principal to breach a contract with a third person, at least where it is acting on behalf of its principal and within the scope of its authority." *Nu-Life Constr. Corp. v. Bd. of Educ. of City of N.Y.*, 611 N.Y.S.2d 529, 530 (1st Dep't 1994).

The plaintiffs allege that XL is the "direct corporate parent" of Indian

6

Harbor, Second Am. Compl. ¶ 3, while GEICO is the "direct corporate parent" of GIA, *id*. ¶ 7. Absent, however, is any allegation that those defendants acted maliciously, fraudulently, or illegally. At most, the plaintiffs allege that XL and Geico induced their respective subsidiaries to delay and deny payment of valid claims "to wrongfully increase [their] revenues, profits, and/or financial performance." *Id.* ¶¶ 50, 58. This is insufficient. *See In Chu Trading Co. v. Sara Lee Corp.*, 810 F. Supp. 501, 506 (S.D.N.Y. 1992) ("[T]he only motive which plaintiff ascribes to [the corporate parent] is economic gain, which alone does not constitute malice.").

The plaintiffs allege that PIB and Parker provided "insurance claims management services." Second Am. Compl. ¶¶ 8, 9.   It is clear that claims adjusters are agents of the insurer, even when they are contractors rather than employees. *See OneBeacon Am. Ins. Co. v. Colgate-Palmolive Co.*, 995 N.Y.S.2d 35, 39 (2014) ("An agency relationship existed because [the claims administrator] is [the insurer's] agent with respect to the Policies and, under the Services Agreement, [the insurer] authorized [the claims administrator] to appoint agents to perform [its] obligations under the contract.").   As with XL and GEICO, the plaintiffs allege that PIB and Parker induced the Insurer Defendants not to pay valid claims "to wrongfully increase [their] revenues, profits, and/or financial

performance."   Second Am. Compl. ¶ 42.   But they do not—and could not— allege that PIB and Parker were acting outside of the scope of their authority to manage claims on behalf of those defendants.

**Personal Jurisdiction and Service of Process**

In addition to moving to dismiss for failure to state a claim, XL and GIA move to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).   The plaintiffs concede that they have not served those defendants.

**Conclusion**

The motion to dismiss is denied with respect to breach of contract and granted with respect to tortious interference. In addition, XL and GIA are dismissed without prejudice. *See* Fed. R. Civ. P. 4(m).   Thus, the case proceeds only on the breach of contract claims against Neptune Flood and the non-moving defendants, Indian Harbor and Wright Flood

**SO ORDERED.**

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 20, 2026

8